SUSAN M. CHEHARDY, Judge.
 

 12Travis L. Walker appeals his conviction and sentence on a charge of third-offense possession of marijuana. We affirm the conviction, but vacate the sentence and remand for resentencing.
 

 On January 6, 2006, the Jefferson Parish District Attorney filed a bill of information charging Travis L. Walker with violation of La.R.S. 14:95.1, possession of a firearm by a convicted felon (Count 1), and violation of La.R.S. 40:966, possession of marijuana, third offense (Count 2). At arraignment on February 22, 2006, the defendant pleaded not guilty to both charges.
 

 The defendant filed various pretrial motions, including various motions to suppress, but the record does not indicate the court ever ruled on them.
 

 On April 3, 2008, the defendant underwent a jury trial on the charge of possession of a firearm by a convicted felon. The twelve-member jury found the defendant not guilty. On the same day, the defen
 
 *19
 
 dant pleaded guilty as charged to Count 2, third offense possession of marijuana. Pursuant to a plea agreement, the trial court sentenced the defendant to two years at hard labor, to be served in home incarceration with “ATI.”
 

 |3On May 5, 2008, the defendant filed a timely pro se motion for appeal, which was granted on May 15, 2008.
 

 FACTS
 

 Because the defendant pleaded guilty to Count 2 and the trial court never ruled on the pretrial motions, the facts regarding the offense must be drawn from the bill of information. Count 2 of the bill of information alleged that on or about January 7, 2005, the defendant violated R.S. 40:966(C) (third offense) “in that he did knowingly and intentionally possess a controlled dangerous substance to wit: Marijuana, having been previously convicted of possession of Marijuana in the 24th Judicial District Court, Parish of Jefferson, case numbers 02-6025 and 03-0034.”
 

 ANDERS BRIEF
 

 Following the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990), appointed appellate counsel has filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
 
 [1]
 
 The brief asserts that counsel has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Appointed counsel therefore requests leave to withdraw as counsel of record.
 

 The State agrees there are no non-frivolous issues to raise on appeal.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that a defendant’s appointed appellate counsel may request permission to -withdraw if he finds his case to be wholly frivolous after a conscientious examination of the record. The request must be accompanied by ‘“a brief referring to anything in the record that might arguably support the appeal”’ so as to provide the reviewing court “with a 14basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 
 [2]
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to
 
 *20
 
 the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 the appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. If the court finds any legal point arguable on the merits, however, it may deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 |sThe defendant’s appellate counsel asserts that after a detailed review of the record, she found no non-frivolous issues to raise on appeal. Counsel points out the defendant waived all non-jurisdictional defects by pleading guilty, and waived his pre-trial suppression motions by failing to pursue rulings before he entered his guilty plea. Counsel further notes the defendant agreed to his sentence as part of a plea bargain, and the trial court properly advised him of his constitutional rights prior to accepting his guilty plea.
 

 Appellate counsel has filed a motion to withdraw as attorney of record, stating she has complied with the provisions of
 
 Anders
 
 and
 
 Jyles,
 
 and she has notified the defendant of his right to file a
 
 pro se
 
 brief in this appeal.
 

 This Court sent the defendant a letter by certified mail, informing him that an
 
 Anders
 
 brief had been filed and that he would have until August 29, 2008 to file a pro se supplemental brief. Although the letter was sent to the address provided the defendant’s court-appointed counsel, the letter was returned, marked “Return to Sender/unclaimed/unable to forward.”
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 As appellate counsel notes, the defendant filed various pre-trial motions, including motions to suppress the evidence and confession, but the trial court did not hear his motions. Consequently, there are no trial court rulings the defendant could have preserved for appeal under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). Further, the defendant waived his outstanding pretrial motions by pleading guilty | ¿without complaining that the trial court had neither heard nor ruled on them.
 
 State v. Corzo,
 
 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
 

 The record shows the trial court properly advised the defendant of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The judge also explained to the defendant the offense with which he was charged and the sentencing range for that offense. The judge ascertained that the defendant understood his rights and that he wished to waive those rights and plead guilty. In addition, the defendant, his attorney, and the trial judge signed a waiver of rights form that enumerated the defendant’s rights and detailed the sentence he would receive pursuant to his guilty plea. As appellate counsel notes, the defendant did
 
 *21
 
 not make or file a motion to reconsider sentence.
 

 Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any non-frivolous basis for an appeal, and an independent review of the record supports counsel’s assertion, the defendant’s conviction is affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
 

 However, as discussed below, we find reversible sentencing errors on error patent review.
 

 ERROR PATENT DISCUSSION
 

 Pursuant to this Court’s standard procedure, as required by La.C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), the record was reviewed for errors patent. We found a sentencing error that requires the sentence be vacated and a new sentence imposed.
 

 La.C.Cr.P. art. 879 requires the trial court to impose a determinate sentence. In this case the sentence imposed by the trial court is indeterminate. The judge 17imposed sentence as follows: “Mr. Walker, it’s going to be the sentence of the Court that you serve two (2) years hard labor at — I’ll allow you to do that in home incarceration with ATI.” The judge did not orally impose conditions of home incarceration. Nevertheless, the Conditions of Watch Patrol Home Incarceration form lists various conditions. That form was signed by the defendant and his attorney, but was not signed by the judge.
 

 First, the trial court ordered that defendant’s hard labor sentence be served in home incarceration. La.C.Cr.P. art. 894.2 provides that the trial court may order home incarceration
 
 in lieu of
 
 imprisonment — not
 
 as
 
 imprisonment. Therefore, a hard labor sentence and an order of home incarceration are incongruent. In order to sentence a defendant to home incarceration, first the sentencing court must suspend the imprisonment and order the suspension to be served in home incarceration with supervision. La.C.Cr.P. art. 894.2(B).
 

 Further, the court shall specify the conditions of home incarceration when such sentence is imposed, and the court may, at any time during the period of home incarceration, modify, change, or add to the conditions of such incarceration. La. C.Cr.P. art. 894.2(C) and (F).
 

 In this case, the Conditions of Watch Patrol Home Incarceration form is ambiguous. It shows the defendant was sentenced to two years, which number is handwritten on the form. The form then indicates that the sentence is suspended, and the defendant is placed on “(active) (inactive) probation for_ (months)/ (years).” The probation is not designated as either active or inactive, and there is no indication of how many months or years the probation will last. It seems, nevertheless, the trial court intended the defendant to be placed on active probation because item 5 of the form states, in part, “A copy of your most recent |sphone bill must be brought to the first meeting with your
 
 probation
 
 officer(Emphasis added.)
 

 This Court addressed a similar sentencing issue in
 
 State v. Sosa,
 
 04-507 (La.App. 5 Cir. 12/12/06), 948 So.2d 236,
 
 writ not considered,
 
 07-0077 (La.9/21/07), 964 So.2d 321. In
 
 Sosa
 
 the trial court initially sentenced the defendant to five years at hard labor, the first two of which were to be served on home incarceration. The trial court suspended the last two years of the sentence and placed the defendant on inactive probation. The court also ordered the defendant to pay restitution. The prose
 
 *22
 
 cutor advised the trial court that unless the first two years of the defendant’s sentence were probated, the victim would have to wait two years to receive any restitution payments. The trial court then amended the sentence to give the defendant probation immediately. The court further stated that the first two years of the sentence would be served on home incarceration as a condition of probation, and the last three years would be served on active probation.
 
 Sosa,
 
 04-507, pp. 12-13, 948 So.2d at 244. The defendant’s commitment showed the defendant received a five-year sentence at hard labor and was placed on three years of active probation, the first two years of which would be served on home incarceration as a special condition of probation.
 
 Id.,
 
 04-507 at 13, 948 So.2d at 244.
 

 On appeal, this Court found the trial court apparently intended to suspend the defendant’s entire five-year sentence and to place the defendant on active probation for five years, the first two of which would be served in home incarceration. We concluded the record was not sufficiently clear as to the trial court’s intention, and therefore the defendant’s sentence was indeterminate. We vacated the sentence and remanded to the trial court for re-sentencing.
 
 Id.,
 
 04-507 at 13, 948 So.2d at 944-45.
 

 |3Based on the
 
 foregoing,
 
 we find the sentence here must be vacated and the defendant must be re-sentenced.
 

 DECREE
 

 For the foregoing reasons, the defendant’s conviction is affirmed, but the sentence is vacated and the case is remanded for resentencing as set out in this opinion. The motion by counsel for appellant to withdraw as counsel hereby is GRANTED.
 

 MOTION TO WITHDRAW AS COUNSEL GRANTED; CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.
 

 [1]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [2]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).