STEPHEN J. WINDHORST, Judge.
| .¿Defendant, Alan D. Marse, pled guilty to a third offense of driving while intoxicated in violation of R.S. 14:98(A)(D). Defendant was sentenced to two years imprisonment at hard labor, the first year to be served without benefit of parole, probation, or suspension of sentence, and the court allowed the first year to be served in the “Jefferson Parish Home Incarceration Program.” The trial court suspended the second year of the sentence and placed defendant on one year active probation, and as conditions of which, ordered him to submit to a substance abuse evaluation and complete in-patient substance abuse treatment for a period of four weeks, followed by out-patient treatment for a period not to exceed twelve months. Upon completion of the in-patient treatment, defendant was ordered placed “in custody of JP-HIP,” the Jefferson Parish Home Incarceration Program, for the remainder of the probationary period, during which time he was required to obtain employment. He was also ordered to complete 30 eight-hour days of community service during the probationary period. Further, defendant was fined $2,000.00 plus costs and fees associated with home incarceration, and the court ordered |sdefendant to complete a driver improvement program, ordered an interlock device installed on defendant’s vehicle, and ruled that defendant’s vehicle would not be seized and sold pursuant to law.
The State appeals, and assigns as error the trial court’s sentence that provides that defendant is placed in custody of the Jefferson Parish Home Incarceration Program. The State contends that defendant was not eligible for home incarceration because neither the District Attorney nor the Department of Public Safety recommended home incarceration as required by C.Cr.P. art. 894.2(A)(2). Defendant responds that the trial judge complied with the statute, and that, in the alternative, C.Cr.P. art. 894.2 is unconstitutional.
After sentencing defendant to “two years at hard labor,” the trial court sentenced defendant regarding the first year as follows: “The first year is without benefit of parole, probation, or suspension of sentence. The Court will allow you to serve the year in the Jefferson Parish Home Incarceration Program.”
C.Cr.P. art. 894.2 provides in pertinent part that:
A. Notwithstanding any other provision of law to the contrary, a defendant may be placed on home incarceration under the following conditions:
(1) The defendant is eligible for probation or was convicted of a misdemean- or or a felony punishable with or without hard labor.
(2) In felony cases, either:
(a) The Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration; or
(b) The district attorney recommends home incarceration.
(3) The court determines, after a contradictory hearing, that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration and would serve the best interests of justice. The court may order home incarceration either in lieu of, or in addition to, a term of imprisonment. When the court sentences a |4defendant, it may order the *803 defendant to serve any portion of the sentence under home incarceration.
Among other requirements, C.Cr.P. art. 894.2 A requires that either the Department of Public Safety and Corrections or the District Attorney recommend home incarceration before the sentencing court may allow home incarceration. The record supports the State’s allegations that there was no recommendation for home incarceration by either the District Attorney or the Department of Public Safety and Corrections.
Defendant suggests that C.Cr.P. art. 894.2 is unconstitutional. A constitutionality challenge to a statute cannot be raised for the first time on appeal; it must first be presented in the trial court. State v. Oliver, 03-416 (La.App. 5 Cir. 12/29/09), 30 So.3d 946, 951, writ denied, 10-271 (La.9/17/10), 45 So.3d 1041; State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, 598, writ denied, 11-1753 (La.2/10/12), 80 So.3d 468, cert. denied, — U.S. -, 133 S.Ct. 139, 184 L.Ed.2d 67 (U.S.2012). The constitutionality of C.Cr.P. art. 894.2 was not raised in the trial court and cannot be considered here.
Furthermore, this court has previously found that a defendant is not eligible for home incarceration while serving that portion of his sentence which cannot be suspended. In State v. Walker, 08-563 (La.App. 5 Cir. 1/13/09), 8 So.3d 17, 21, the defendant was convicted of third offense possession of marijuana, and sentenced to two years at hard labor, to be served at home incarceration with “ATI.” This Court vacated the defendant’s sentence and remanded for resentencing after concluding the sentence of two years at hard labor to be served at home incarceration was indeterminate. Id. at 21-22. This court stated that:
La.C.Cr.P. art. 894.2 provides that the trial court may order home incarceration in lieu of imprisonment — not as imprisonment. Therefore, a hard labor sentence and an order of home incarceration are incongruent. In order to sentence a defendant to home | ¡Incarceration, first the sentencing court must suspend the imprisonment and order the suspension to be served in home incarceration with supervision. La. C.Cr.P. art. 894.2(B).
In the case before us, the trial court similarly allowed defendant to serve home incarceration in lieu of mandatory imprisonment at hard labor, i.e., as his sentence, rather than as a condition of probation. This was specifically prohibited by Walker, which also involved a third class felony (one punishable with or without hard labor).[1] Therefore, a statutory mandate that a sentence be served without benefit of probation, parole, or suspension cannot be avoided by substitution of home incarceration for the term of imprisonment during which there is no benefit of probation, parole, or suspension of sentence.
Accordingly, we vacate defendant’s sentence and remand[2] the matter for resen-tencing as set out in this opinion.
*804 SENTENCE VACATED; CASE REMANDED

. This is significant inasmuch as one of the requirements of C.Cr.P. art. 894.2 A is that either the defendant be eligible for probation, or the offense be punishable with or without hard labor.

. In addition, we find this remand is necessary to determine what law governs defendant's home incarceration eligibility. Defendant’s instant guilty plea is his third DWI conviction. It is not clear from the record whether the offense that provides the basis for defendant's 2008 conviction was committed within a five year period of the commission of the instant offense. If so, C.Cr.P. art. 894.2 L (designated as C.Cr.P. art. 894.2 K at the time of the commission of the present offense) is triggered and defendant's eligibility for home incarceration is not governed by C.Cr.P. art. *804 894.2, but by R.S. 14:98. Under either statute the defendant would not be eligible for home incarceration for the first year of his sentence, since R.S. 14:98 D also provides that on conviction of a third offense, one year of defendant's sentence is to be served without benefit of probation, parole or suspension of sentence, and that defendant is not eligible for home incarceration until on probation.