I-i SAUNDERS, Judge.
James E. Brister, the Defendant in this case, was charged with one count of driving while intoxicated, third offense. He appeals his sentence of five years at hard labor, three and one-half years suspended, six months without benefit of parole and five years supervised probation as exceeding the statutory maximum sentence for this offense.

FACTS AND PROCEDURAL HISTORY

On July 7, 2001, the Defendant was stopped for speeding as he was driving 75 miles per hour in a 55 miles per hour speed zone. After the stop, the Defendant was arrested for driving while intoxicated, *1129 a violation of La.R.S. 14:98. Since the Defendant had been previously convicted of driving while intoxicated on two separate occasions, he was charged with driving while intoxicated, third offense.
On October 9, 2001, the Defendant, James Brister, was charged with one count of driving while intoxicated, third offense, a violation of La.R.S. 14:98(D). On that same date, the Defendant, without counsel, entered a plea of not guilty to the charge. Counsel for the Defendant enrolled on December 3, 2001. Subsequently, on February 19, 2002, a hearing was held on a motion to suppress filed by the Defendant, and the trial court denied the motion. That same date, the Defendant entered a Crosby plea to the charge and was sentenced pursuant to a recommended sentence of five years at hard labor, three and one-half years suspended, six months without benefit of parole and five years supervised probation. The trial court ordered the probation to commence upon the Defendant’s release from the Department of Corrections and to run concurrently with any parole. The trial court also imposed the following conditions of probation: 1) the Defendant cannot use alcohol or drugs while on probation; 2) the Defendant must submit to random alcohol and drug testing while on [ probation; 3) the Defendant must participate in a court-approved substance abuse program; 4) the Defendant must complete a defensive driving course; 5) Any vehicle operated by the Defendant while on probation or parole must have an ignition interlock device installed on it; and 6) the Defendant must pay a supervision fee of $50.00 per month while on supervised probation. Additionally, the trial court ordered the Defendant to pay a $2,000.00 fine plus court costs.
Defense counsel has filed a motion to withdraw and a brief alleging that after a conscientious review of the trial court record, he has found no non-frivolous errors subject to review on appeal, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). The Defendant was notified of his right to file a brief, but has not done so.

LAW AND ANALYSIS

ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the present record, we find that there is one error patent requiring the Defendant’s sentence be vacated and the case remanded for re-sentencing.
The trial court sentenced the Defendant under the wrong penalty provision. A recent supreme court case, State v. Mayeux, 01-3195 (La.6/21/02); 820 So.2d 526, held that for the purposes of La.R.S. 14:98, the penalty provisions in effect at the time of conviction govern sentencing. Act 1163 of the 2001 Regular Session amended the sentencing provision for third offenders. The effective date of the amendment was August 15, 2001. Since the Defendant pled guilty in February 2002, the newly amended penalty provisions were in effect. However, the sentence recommended by |3the State as per the plea agreement with the Defendant, and the sentence eventually imposed by the trial court, was imposed under the penalty provisions in effect at the time of the offense, rather than those in effect the time of the conviction itself. Thus, the Defendant was sentenced to an illegally excessive sentence. Accordingly, we order the sentence vacated and the case remanded for re-sentencing. Because the Defendant pled guilty to the charged offense, the plea agreement should not be affected by the recognition of this error patent.

*1130
ARGUMENT

In State v. Larrivere, 98-1399 pp. 3-4 (La.App. 3 Cir. 5/5/99); 733 So.2d 703, 705, this court stated the following regarding the requirements of an Anders appeal:
An Anders appeal should provide “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Mouton, 653 So.2d at 1177. In State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241, the supreme court stated:
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.
The brief submitted by appellate counsel in the present case satisfies the requirements of Jyles.
In State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir.1990), the fourth circuit set forth the appropriate procedures for an appellate court to analyze an Anders case:
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing |4the appellant an opportunity to file a brief in his or her own behalf. This court’s review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal....
In this case, the Defendant was properly charged by a signed bill of information. He was present at all crucial stages of the proceedings and entered a free and voluntary guilty plea after being properly Boyk-inized in open court. Although the Defendant was sentenced pursuant to a plea recommendation, as previously discussed, the sentence imposed is illegally excessive and must be vacated.
In his brief, appellate counsel claims that the suppression issue reserved by the Defendant’s Crosby plea “would not support a remedy on appeal.” The Defendant filed a Motion to Suppress, alleging that there was no probable cause to stop the Defendant and alleging that the law enforcement officer failed to advise the Defendant of his Miranda rights before interrogating him. At the hearing on the motion, defense counsel withdrew his claim regarding the failure to advise the Defendant of his Miranda rights. Thus, the sole issue was whether or not the officer had probable cause to stop the Defendant. Trooper Freddie Rogers testified that he stopped the Defendant and issued him a ticket for driving 75 miles per hour in a 55 mile-per-hour speed zone. Trooper Rogers had observed the Defendant accelerate his vehicle to 67 miles per hour and then 75 miles per hour in an attempt to pass another vehicle. Because the other vehicle was also accelerating in speed, the Defendant was unable to pass the other vehicle and retreated behind the vehicle he was attempting to pass.
Is As stated by appellate counsel in his brief, the Defendant does not deny speed *1131 ing. In fact, at the motion to suppress hearing, the Defendant admitted probably going over 60 miles per hour in attempting to pass the other vehicle, but claimed that he was forced into passing the other vehicle to keep from hitting it.
The jurisprudence is clear that a police officer may stop a vehicle when there is probable cause to believe that a traffic violation has occurred. State v. Waters, 00-356 (La.3/12/01); 780 So.2d 1053. The supreme court has held: “Without regard to the trooper’s subjective intent, respondent’s speeding above the posted limit gave the officer an objective probable cause basis to pull over the vehicle for a traffic violation. Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996).” State v. Lopez, 00-0562, p. 3 (La.11/3/00); 772 So.2d 90, 92. Furthermore, the Defendant’s claim that his speeding was necessary to pass another vehicle does not negate the probable cause. See Merritt v. City of Oakdale, 01-1533 (La.App. 3 Cir. 5/15/02), 817 So.2d 487. Moreover, passing a vehicle is not a legal defense or justification for exceeding the maximum speed limit. La.R.S. 32:61. Since the Defendant argues no other grounds in support of his motion to suppress, this court finds that the appellate counsel is correct in his assertion that the lack of probable cause in the present case would not support a claim on appeal.
Since there are no other rulings which arguably support an appeal, we affirm the Defendant’s conviction and vacate the sentence imposed as per the error patent discussion above. The case is remanded for re-sentencing. Since the Defendant must be resentenced and may wish to appeal the new sentence imposed, appellate counsel’s motion to withdraw is denied. See State v. Iles, 96-256 (La.App. 3 Cir. 11/6/96); 684 So.2d 38.
| ^CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RE-SENTENCING.