STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-413

STATE OF LOUISIANA

VERSUS

KEISHA M. WASHINGTON

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76641-76647, 76658 and 76652
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain*, Judges.

**SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED. THE TRIAL COURT IS ORDERED TO CORRECT THE MINUTES OF SENTENCING TO INCLUDE THE IMPOSITION OF RESTITUTION IN THE AMOUNT REFLECTED IN THE BILL OF INFORMATION IN DISTRICT COURT DOCKET NUMBER 76646.**

**Asa A. Skinner
District Attorney
Post Office Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana**

---

  **\*** Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Terry W. Lambright**
**Assistant District Attorney**
**100 S. Third Street Suite A**
**Leesville, LA   71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA   70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Keisha M. Washington**

AMY, Judge.

The defendant pled guilty to nine counts of issuing worthless checks and was subsequently sentenced to two years imprisonment at hard labor on one count and seven years imprisonment at hard labor on each of the remaining eight counts. The defendant appeals, challenging her sentences as excessive. The defendant's appellate counsel has filed an *Anders* brief seeking withdrawal. For the following reasons, we affirm the defendant's sentences and grant counsel's motion to withdraw.

## Factual and Procedural Background

The State alleged that the defendant, Keisha M. Washington, issued a total of twenty-two worthless checks to various payees between September 9, 2008 and March 31, 2009. On June 18, 2009, the defendant was charged by bill of information with nine counts of issuing worthless checks.[1] The counts were separated as follows: fourteen of the twenty-two checks were accumulated into one felony count of issuing worthless checks for more than five hundred dollars, a violation of La.R.S. 14:71(C); seven of the twenty-two checks were separated into seven separate counts of issuing worthless checks for more than five hundred dollars, a violation of La.R.S. 14:71(C); and the remaining check was a separate count of issuing worthless checks for an amount over three hundred dollars, but less than five hundred dollars, a violation of La.R.S. 14:71(D). The record reveals that the total amount of these checks, including merchant and District Attorney fees, was $13,546.73. On October 28, 2009, the defendant pled guilty to all nine counts. The defendant was sentenced to serve two

---

[1] Louisiana Revised Statutes 14:71(A)(1)(a) defines issuing worthless checks as follows:

Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation.

years imprisonment at hard labor for the violation of La.R.S. 14:71(D), and seven years imprisonment at hard labor on the remaining eight counts, violations of La.R.S. 14:71(C).[2] The sentences were ordered to run concurrently. Further, she was ordered to pay court costs and restitution to the victims named, and in the amount shown, on each bill of information. The defendant filed a motion to reconsider her sentences imposed. That motion was denied.

The defendant appeals, challenging her sentences as excessive. However, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the defendant's appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of the defendant's conviction or sentence. Thus, counsel seeks to withdraw.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find the sentencing minutes are in need of correction.

The sentencing hearing transcript reflects that the trial court imposed restitution in the amount cited in the bill of information for district court docket number 76646; however, this part of the sentence is not reflected in the court's sentencing minutes. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365,

---

[2] The record reveals that at the defendant's first sentencing hearing on October 28, 2009, she was sentenced on only seven of the eight counts of violations of La.R.S. 14:71(C) because of an error in the court minutes which indicated that one of the eight counts had been dismissed. After realizing this error, the trial court sentenced the defendant on February 17, 2010, to serve seven years imprisonment at hard labor on the remaining count.

2

369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Consequently, we order the trial court to correct the minutes of sentencing to include the imposition of restitution in the amount reflected in the bill of information in district court docket number 76646.

*Excessiveness of Sentence*

The defendant's appellate counsel raises, in brief, the issue of whether the defendant's sentences are excessive. However, he reaches the conclusion that any argument regarding the excessiveness of the defendant's sentence in this case would be frivolous.

After review of the record, we find no merit in the defendant's assertion that her sentences are excessive. The record reveals that the defendant is a third felony offender. At the time of these offenses, the defendant had already been placed on felony grade probation for the same type of offense, twice, and on misdemeanor grade probation, once. Although a third felony offender, her sentences, totaling fifty-eight years imprisonment, were ordered to run concurrently. Further, she did not receive the maximum ten year sentence on any of the counts. La.R.S. 14:71. Pursuant to La.R.S. 14:71(C) and (D), the defendant could have been ordered to pay up to $26,000.00 in fines; however, the trial court did not impose any fines. Accordingly, we affirm the defendant's sentences.

*Anders Analysis*

The defendant's appellate counsel seeks to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738, asserting that he found no errors on appeal that would support the reversal of the defendant's convictions or sentences.

3

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we performed a thorough review of the record, including pleadings, minute entries, the charging instrument and the transcripts. The defendant was present and represented by counsel at all crucial stages of the proceedings and entered a free and voluntary guilty plea after properly being advised of her rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Her guilty plea waived any pre-plea non-jurisdictional defects. *State v. Crosby*, 338 So.2d 584 (La.1976). Additionally, the defendant received a legal sentence.

We find no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted.

## DECREE

For the foregoing reasons, the defendant's sentences are affirmed. Counsel's motion to withdraw is granted. We order the trial court to correct the sentencing minutes to include the imposition of restitution in the amount reflected in the bill of information in the district court docket number 76646.

**SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED. THE TRIAL COURT IS ORDERED TO CORRECT THE MINUTES OF SENTENCING TO INCLUDE THE IMPOSITION OF RESTITUTION IN THE AMOUNT REFLECTED IN THE BILL OF INFORMATION IN DISTRICT COURT DOCKET NUMBER 76646.**

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

10-413

STATE OF LOUISIANA

VERSUS

KEISHA M. WASHINGTON

On appeal from the Thirteenth Judicial District Court, Docket numbers 76641-76647, 76652, 76658, Parish of Vernon, State of Louisiana, Honorable Vernon Bruce Clark, District Judge.

## **ORDER**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this 3rd day of November, 2010.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Marc T. Amy

_____
Judge Billy H. Ezell

_____
Judge David E. Chatelain*

_____

*  Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.