STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1133

STATE OF LOUISIANA

VERSUS

RONALD JOSEPH OURSO

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6902-07
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir and Marc T. Amy, Judges.

**CONVICTIONS AFFIRMED. SENTENCE FOR POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AFFIRMED.   SENTENCE FOR POSSESSION OF METHYLENEDIOXYMETHAMPHETAMINE (MDMA) WITH INTENT TO DISTRIBUTE VACATED AND REMANDED FOR RESENTENCING.  MOTION TO WITHDRAW DENIED.**

John F. DeRosier
District Attorney
Carla Sue Sigler
Assistant District Attorney
Post Office Box 3206
Lake Charles, LA   70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
   State of Louisiana

**G. Paul Marx**
**Post Office Box 82389**
**Lafayette, LA   70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Ronald Joseph Ourso**

AMY, Judge.

As part of a plea agreement, the defendant pleaded guilty to possession of cocaine with intent to distribute and possession of methylenedioxymethamphetamine (MDMA) with intent to distribute. The defendant was sentenced to twenty years on each count. The trial court ordered the sentences to run concurrently and to run concurrently with the defendant's sentence in another case. The defendant appeals his sentences. On appeal, defense counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the following reasons, we affirm his convictions. We affirm his sentence for the possession of cocaine with intent to distribute conviction, and vacate his sentence for the possession of MDMA with intent to distribute conviction and remand for resentencing. We deny defense counsel's motion to withdraw.

**Factual and Procedural Background**

After using an informant to perform a "buy," the Calcasieu Parish Combined Anti-Drug Team obtained and executed a search warrant at the defendant's residence. Based on the results of the search, the defendant was arrested and charged with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1); possession of MDMA with intent to distribute, a violation of La.R.S. 40:966(A)(1); and illegal use of currency, a violation of La.R.S. 40:1049.

The defendant's motion to suppress the evidence obtained as a result of the warrant was denied. He subsequently withdrew his plea of not guilty and entered a plea of guilty to the charges of possession of cocaine with intent to distribute and possession of MDMA with intent to distribute. At the same time, the defendant entered a plea of guilty to the charges in a separate case.[1] As part of the plea

---

[1] The defendant's conviction and sentence in Calcasieu Parish Docket No. 18423-08, are on appeal in *State v. Ourso*, 10-1126 (La.App. 3 Cir. _/_/11), __ So.3d __.

agreement, the State dropped the instant charge of illegal use of currency, other pending charges of sexual battery, and agreed not to charge the defendant as a habitual offender.

The defendant was subsequently sentenced to twenty years at hard labor on both counts, to run concurrently and to run concurrently with his other charges. The defendant filed a motion to reconsider sentence, which was denied by the trial court without a hearing.

The defendant appeals, asserting as error that his sentence is unconstitutionally excessive. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, in this matter.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent concerning the defendant's sentence for possession of MDMA with intent to distribute.

The underlying offenses in this case occurred on February 24, 2006. One of the charges upon which the defendant was convicted is possession of MDMA, a schedule I controlled substance, with intent to distribute in violation of La.R.S. 40:966(A)(1). At the time of the offense, La.R.S. 40:966(B)(1) provided that any person who violates subsection (A) with respect to a non-narcotic drug "shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, *at least five years of which shall be served without*

2

*benefit of parole, probation, or suspension of sentence*, and pay a fine of not more than fifty thousand dollars." (Emphasis added.)

However, when the trial court sentenced the defendant to twenty years at hard labor on this count, it did not specify how many years were to be served without the benefit of parole, probation, or suspension of sentence. While La.R.S. 15:301.1 typically obviates the need to correct the sentence, where the statute gives the trial court discretion as to the number of years imposed to be served without benefits, the reviewing court should vacate the illegally lenient sentence and remand for resentencing. Thus, we vacate the defendant's sentence for his conviction of possession of MDMA with intent to distribute and remand for resentencing. *State v. Mayeux*, 06-944 (La.App. 3 Cir. 1/10/07), 949 So.2d 520.

Accordingly, we vacate the defendant's sentence for his conviction of possession of MDMA with intent to distribute and remand to the trial court for resentencing on that count.

*Anders Brief Analysis*

The defendant's appellate counsel, citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.

The procedure following the submittal of an *Anders* brief is well-settled. The fourth circuit explained the *Anders* analysis in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990):

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own

behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under [La.Code Crim.P.] art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, and *Benjamin*, 573 So.2d 528, we have thoroughly reviewed the record, including pleadings, minute entries, the charging instrument, and the transcripts. The defendant was provided an opportunity to file his own brief, but did not do so.

A review of the record reveals that the defendant was present and represented by counsel at all crucial stages of the proceedings. Further, the defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 396 U.S. 238, 89 S.Ct. 1709 (1969). The entry of a guilty plea waived any pre-plea non-jurisdictional defects. *See State v. Washington*, 10-413 (La.App. 3 Cir. 11/3/10), 50 So.3d 274, citing *State v. Crosby*, 338 So.2d 584 (La.1976). With regard to his sentence for possession of cocaine with intent to distribute, the defendant received a legal sentence, and we find that an argument for excessive sentence on this conviction would be frivolous and futile.

We have noted the illegality of the defendant's possession of MDMA with intent to distribute sentence. Our review of the record has not revealed any other issues which would support an assignment of error on appeal.

However, because we have vacated the defendant's possession of MDMA with intent to distribute sentence and remanded for resentencing, further proceedings

4

remain in this matter. Therefore, appellate counsel's motion to withdraw is denied. *State v. Brister*, 02-486 (La.App. 3 Cir. 10/30/02), 829 So.2d 1128.

### DECREE

For the foregoing reasons, we affirm the defendant's convictions and his sentence for possession of cocaine with intent to distribute. We vacate the defendant's sentence for possession of MDMA with intent to distribute, and remand to the trial court for resentencing. Appellate counsel's motion to withdraw is denied.

**CONVICTIONS AFFIRMED. SENTENCE FOR POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AFFIRMED. SENTENCE FOR POSSESSION OF METHYLENEDIOXYMETHAMPHETAMINE (MDMA) WITH INTENT TO DISTRIBUTE VACATED AND REMANDED FOR RESENTENCING. MOTION TO WITHDRAW DENIED.**