# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1126

STATE OF LOUISIANA

VERSUS

RONALD J. OURSO

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18423-08
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir and Marc T. Amy, Judges.

**CONVICTIONS AFFIRMED. SENTENCE FOR DISTRIBUTION OF COCAINE AFFIRMED. SENTENCES FOR DISTRIBUTION OF HYDROCODONE, DISTRIBUTION OF ALPRAZOLAM, AND DISTRIBUTION OF CARISOPRODOL VACATED AND REMANDED FOR RESENTENCING. MOTION TO WITHDRAW DENIED.**

> **John F. DeRosier**
> **District Attorney**
> **Carla Sue Sigler**
> **Assistant District Attorney**
> **Post Office Box 3206**
> **Lake Charles, LA 70602-3206**
> **(337) 437-3400**
> **COUNSEL FOR APPELLEE:**
> > **State of Louisiana**

**G. Paul Marx**
**Post Office Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Ronald J. Ourso**

AMY, Judge.

As part of a plea agreement, the defendant pleaded guilty to distribution of cocaine, distribution of hydrocodone, distribution of alprazolam, and distribution of a legend drug. The defendant was sentenced to twenty years on each count, to run concurrently and to run concurrently with his sentence in another case. The defendant appeals his sentences. On appeal, defense counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the following reasons, we affirm the defendant's convictions. We affirm his sentence for the distribution of cocaine conviction, vacate his sentences on the other convictions and remand for resentencing. We deny defense counsel's motion to withdraw.

### Factual and Procedural Background

After the Calcasieu Parish Combined Anti-Drug Team conducted a "buy/bust" type operation, the defendant was arrested and charged with distribution of cocaine, a violation of La.R.S. 40:967(A); distribution of hydrocodone, a violation of La.R.S. 40:968(A); distribution of alprazolam, a violation of La.R.S. 40:969(A); and distribution of a legend drug (carisoprodol), a violation of La.R.S. 40:1238.1. The defendant subsequently withdrew his plea of not guilty and entered a plea of guilty to those charges and the charges in a separate case.[1] As part of the plea agreement, the State dropped other pending charges of illegal use of currency and sexual battery and agreed not to charge the defendant as a habitual offender.

The defendant was subsequently sentenced to twenty years at hard labor on each of the four counts, to run concurrently and to run concurrently with his other charges. The defendant filed a motion to reconsider sentence, which was denied by the trial court without a hearing.

---

[1] The defendant's conviction and sentence in Calcasieu Parish Docket No. 6902-07 are on appeal in *State v. Ourso*, 10-1133 (La.App. 3 Cir. _/_/11), __ So.3d __.

The defendant appeals, asserting as error that his sentence is unconstitutionally excessive. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, in this matter.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent concerning three of the defendant's four sentences.

The underlying offenses in this case occurred on January 11 and January 24, 2008. The defendant was convicted of distribution of hydrocodone, a Schedule III controlled substance, in violation of La.R.S. 40:968(A); distribution of alprazolam, a schedule IV controlled substance, in violation of La.R.S. 40:969(A); and distribution of carisoprodol, a legend drug, in violation of La. R.S. 40:1238.1.

La.R.S. 40:968(B) provides that "[a]ny person who violates Subsection A with respect to any controlled dangerous substance classified in Schedule III shall be sentenced to a term of imprisonment at hard labor for not more than ten years; and, in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars."

Further, La.R.S. 40:969(B)(2) provides that any person who violates La.R.S. 40:969(A) with respect to "[a]ny other controlled dangerous substance classified in Schedule IV, . . . shall be sentenced to a term of imprisonment at hard labor for not more than ten years; and in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars."

Finally, La.R.S. 40:1238.1(c) provides that "[a]ny person who violates the provisions of this Section shall be imprisoned, with or without hard labor, for not

2

more than five years and may be sentenced to pay a fine of not more than five thousand dollars."

The trial court sentenced the defendant to twenty years at hard labor on each of those three convictions, well beyond the maximum term of imprisonment for any of those counts. Therefore, as evidenced by the above provisions, the defendant's sentences with regard to those convictions are illegal. Louisiana Code of Criminal Procedure Article 882 permits an appellate court to correct an illegal sentence on review. Accordingly, we vacate the defendant's sentences for his distribution of hydrocodone, distribution of alprazolam, and distribution of carisoprodol convictions.

However, if the correction of the sentence requires the exercise of sentencing discretion on the part of the trial court, the case must be remanded back to the trial court for resentencing. *State v. Ramsdell*, 09-1510 (La.App. 3 Cir. 10/6/10), 47 So.3d 81; *State v. Jacobs*, 08-702 (La.App. 3 Cir. 2/4/09), 2 So.3d 1289. As correction of the defendant's illegal sentences will require the exercise of sentencing discretion by the trial court, we remand to the trial court for resentencing on the convictions for distribution of hydrocodone, distribution of alprazolam, and distribution of carisoprodol.

*Anders Brief Analysis*

The defendant's appellate counsel, citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.

The procedure following the submittal of an *Anders* brief is well-settled. The fourth circuit explained the *Anders* analysis in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990):

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under [La.Code Crim.P.] art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, and *Benjamin*, 573 So.2d 528, we have thoroughly reviewed the record, including pleadings, minute entries, the charging instrument, and the transcripts. The defendant was provided an opportunity to file his own brief, but did not do so.

A review of the record reveals that the defendant was present and represented by counsel at all crucial stages of the proceedings. Further, the defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 396 U.S. 238, 89 S.Ct. 1709 (1969). The entry of a guilty plea waived any pre-plea non-jurisdictional defects. *See State v. Washington*, 10-413 (La.App. 3 Cir. 11/3/10), 50 So.3d 274, citing *State v. Crosby*, 338 So.2d 584 (La.1976). With regard to his sentence for distribution of cocaine, the defendant received a legal sentence. We find that an argument for excessive sentence on this conviction would be frivolous and futile.

Further, we have noted the illegality of three of the four sentences. Although the issue of the illegality of those sentences could have been raised by the defendant

4

on appeal, it was observed and corrected by this court as an error patent. *See State v. Walker*, 08-563 (La.App. 5 Cir. 1/13/09), 8 So.3d 17. Our review of the record has not revealed any other issues which would support an assignment of error on appeal.

However, we have vacated the defendant's sentences for the counts of distribution of hydrocodone, distribution of alprazolam, and distribution of carisoprodol and remanded for resentencing. In light of the remaining proceedings, appellate counsel's motion to withdraw is denied. *State v. Brister*, 02-486 (La.App. 3 Cir. 10/30/02), 829 So.2d 1128.

### DECREE

For the foregoing reasons, we affirm the defendant's convictions and his sentence for distribution of cocaine. We vacate the defendant's sentences for distribution of hydrocodone, distribution of alprazolam, and distribution of carisoprodol, and remand to the trial court for resentencing. Appellate counsel's motion to withdraw is denied.

**CONVICTIONS AFFIRMED. SENTENCE FOR DISTRIBUTION OF COCAINE AFFIRMED. SENTENCES FOR DISTRIBUTION OF HYDROCODONE, DISTRIBUTION OF ALPRAZOLAM, AND DISTRIBUTION OF CARISOPRODOL VACATED AND REMANDED FOR RESENTENCING. MOTION TO WITHDRAW DENIED.**