JUDE G. GRAVOIS, Judge.
| .¿Nicole Hernandez appeals from a judgment granting her former husband, Rey-nold Hernandez’s, motion to decrease and modify child support, arguing that the trial court erred in finding that Reynold bore his burden of proof that there was a change in circumstances warranting a modification of his child support obligation. Nicole also argues on appeal that the trial court erred in not including the expenses of private school in the child support calculations. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

On July 31, 2009, Reynold Hernandez filed a petition for divorce against Nicole Hernandez. Nicole answered the petition and filed a reconventional demand against Reynold, seeking a divorce from him. In their respective pleadings, both Reynold and Nicole also sought relief for incidental matters pertaining to the dissolution of their marriage. On November 2, 2009, Reynold and Nicole entered into a Consent Judgment regarding the issues of custody and | ¿support of their two minor children born of the marriage. By judgment rendered and signed on November 6, 2009, Reynold was granted an absolute divorce from Nicole.
In the Consent Judgment, Reynold and Nicole agreed to equally share physical custody of the children, with both of them being designated as co-domiciliary parents. The judgment also reflected that neither Reynold nor Nicole would pay child support to the other, but that each would respectively provide for the children’s needs during their respective physical custody periods. They agreed to equally share all tuition, registration fees, supply fees, uniform costs, summer camp costs and aftercare costs for the children. Further, Reynold agreed to maintain health and hospitalization insurance coverage on the children, while Nicole agreed to maintain dental and vision insurance coverage on the children. They also agreed to be equally responsible for any uninsured medical bills incurred on behalf of the children.
On October 7, 2010, Reynold filed a Motion to Decrease and to Modify Child Support, alleging that there had been a “significant change in circumstances” which warranted a decrease in Reynold’s child support obligation and a modification of the parties’ child support obligations. Specifically, Reynold alleged that the children’s expenses had increased, as had Nicole’s income. He also alleged that he had exhausted his savings and could no longer afford private school tuition and expenses for the children, and that Nicole had been *170 overcharging him for the children’s expenses. He prayed that his support obligation be decreased, and that the parties’ child support obligations be modified and set in accordance with the Louisiana Child Support Guidelines for shared custody arrangements.
|4On November 12, 2010, the trial court held a hearing on the motion. It heard testimony from the parties and received evidence regarding their finances and expenses. After taking the matter under advisement, the trial court rendered a judgment on November 16, 2010 finding that there had been a change in circumstances supporting the granting of Rey-nold’s motion. The court noted that the income of both parties had increased, but also that there had been an increase in school tuition and related costs, as well as transportation and health care costs. The parties were allowed to continue enjoying joint physical custody of the children on a shared custody basis, but Nicole was ordered to pay child support to Reynold in the amount of $209.96 per month, beginning in January of 2011. The judgment also stated that after January of 2011, “tuition and registration fees shall not be shared between the parties, but as to all matters, the judgment remains unchanged.” This timely appeal followed.
On appeal, Nicole argues that the trial court erred in finding that there was a change in the parties’ circumstances, and in not including the expenses of private school in the calculation of child support.

ANALYSIS

In Hall v. Hall, 11-60 (La.App. 5 Cir. 5/24/11), 67 So.3d 685, at 638, this Court set forth the applicable standard of review in child support actions:
Generally, the standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find from the record there is a reasonable factual basis for the finding of the fact finder, and (2) the appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If the trial court’s “findings are reasonable in light of the record reviewed in its entirety, [fithe court of appeal may not reverse.... ” Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Stobart v. State, DOTD, 617 So.2d 880, 883 (La.1993).
With respect to this case, a district court’s order of child support is entitled to great weight. Carmouche v. Carmouche, 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224. “[A]n appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error.” State, D.S.S. ex rel. D.F. v. L.T., 05-1965, p. 6 (La.7/6/06), 934 So.2d 687, 690. Deviations by the district court from the child support guidelines shall not be disturbed on appeal absent a finding of manifest error. La. R.S. 9:315.17.
The Louisiana Child Support Guidelines set forth the method for implementation of the parental obligation to pay child support. La. R.S. 9:315, et seq. The guidelines are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A).
The standard for modification of a child support award is set forth in La. C.C. art. 142 and La. R.S. 9:311(A)(1). La. C.C. art. 142 provides, “An award of child support may be modified if the circumstances of the child or of either parent materially *171 change and shall be terminated upon proof that it has become unnecessary.” La. R.S. 9:311(A)(1) provides, “Am award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award.”
The trial court found that Reynold bore his burden of proving a material change in circumstances since the previous Consent Judgment. Specifically, the trial court found that both parties’ individual incomes had increased, but also that the children’s private school tuition and related expenses had increased, as well as Reynold’s transportation costs and the cost of the children’s health insurance, which this Court notes is borne 100% by Reynold according to the Consent [fiJudgment. The trial court proceeded to calculate the support award pursuant to La. R.S. 9:315.9, the guidelines for shared custody arrangements, as evidenced by the trial court’s worksheet in the record.
Reynold’s testimony at the hearing showed that the family health care premiums increased by $60 per month. Reynold also testified that his transportation costs increased by $150 to $180 per month. Previously, when the children were in his custody, he transported them each morning from his home in LaPlace to their school in Metairie in his company van. However, as a result of objections made by Nicole, he is now required to transport the children to school in Metairie in his personal vehicle, and then return home to LaPlace to get his company van before proceeding to work in Metairie.[1]
Reynold testified that Nicole “overcharged” him regarding the children’s school expenses, specifically stating that she overestimated the costs of uniforms, school supplies, and other related expenses that she would be required to pay, and then improperly billed him for his share in an “average” monthly fashion. However, Reynold presented no documentation to support this. Nicole testified that whereas some of the expenses were lower than she originally had estimated, the discrepancy was much lower than claimed by Reynold and he had a “credit” with her of less than $100 at the time he stopped paying her for these expenses. The record further reflected that tuition costs increased by approximately $300 per year. Aftercare and summer camp costs also increased. Rey-nold also testified that when he had physical custody of the children, he picked them up before aftercare; accordingly, they were only in aftercare while they were with Nicole, something |7she didn’t challenge or dispute. Reynold explained, however, that the actual day-to-day living expenses for the children had not changed.
Reynold claimed that he had just about exhausted his savings trying to meet his part of the children’s expenses, that his personal vehicle was old and in need of repairs, and that he could no longer afford private school tuition for the children. Reynold submitted his bank statements into evidence. Besides showing that Nicole’s W-2 income was substantially higher than his (according to the trial court’s worksheet calculations, approximately $14,000 higher per year), he claimed that she also made at least $1,500 per month in a cake business she owned, though she disputed this amount, claiming that she *172 had closed her business and only made cakes on an occasional basis for friends. His supporting documentation consisted of several order forms for cakes in 2009 and some entries that Nicole made in 2009 on her Facebook page describing some of the activities of her cake business.
Reynold also claimed that Nicole had inherited $30,000 after the parties’ divorce, which was reflected in her bank statements that were entered into evidence. Nicole explained that she used this money for a down-payment on a house in Metair-ie, and as well as for other expenses related to establishing a new household. (Rey-nold received the former family home in the property settlement.)
We find that the evidence presented by the parties, taken as a whole, supports the trial court’s finding that Rey-nold’s child support obligation should be decreased by the amount calculated in the trial court’s worksheet. Nicole does not dispute any of the figures used to calculate the award. Instead, she argues that Rey-nold failed to show a “material” change in his circumstances. We disagree. Reynold presented sufficient proof of the increase in expenses he bore 100% of (transportation and health insurance), increases in the expenses they shared jointly |s(tuition and school related expenses), plus a depletion of his savings relative to meeting his obligations under the Consent Judgment. The record likewise showed that Nicole’s income was greater than his by approximately $14,000 per year, although some income disparity between the parties did exist prior to rendition of the Consent Judgment.
Upon thorough review of the record, we find that there is a reasonable factual basis for the trial court’s child support ruling, and that the record establishes that this ruling is not clearly wrong or manifestly erroneous. We thus decline to disturb the trial court’s award of child support from Nicole to Reynold in the amount of $209.96 per month, beginning in January of 2011.
Next, Nicole argues that the trial court erred in not adding the costs of school tuition and school related expenses to the basic child support obligation, and in decreeing that these expenses would no longer be shared by the parties as per the Consent Judgment. Her argument is basically that the trial court erred in this regard because the parties agreed, when they were married, to send the children to private school, and the children should continue to attend their school for continuity and to meet their emotional needs. She also argues that the increase in tuition, aftercare, and summer camp were “nominal.”
Formerly, under the Consent Judgment, the parties shared these expenses equally despite some disparity in their incomes. La. R.S. 9:315.6 provides that by agreement of the parties or order of the court, the expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child incurred on behalf of the child may be added to the basic child support obligation. This language is permissive and not mandatory. Therefore, failure to include it in the child support calculations is not per se error.
|9It is noted that although the judgment in question does not require that the children change schools, it does appear by default to require that Nicole bear the children’s tuition and registration fees in full effective January, 2011 (assuming the children remain in private school). This Court has already found above that Rey-nold sufficiently proved a material change in circumstances so as to allow an award of child support to him from Nicole. All things considered, particularly the overall *173 changes in the circumstances of the parties since rendition of the Consent Judgment as detailed above, we find that there is a reasonable factual basis for the trial court’s ruling that the children’s tuition and registration fees would no longer be shared by the parties, and further that the record does not establish that the trial court abused her broad discretion or was manifestly erroneous in this ruling. Accordingly, we also find no error in this portion of the judgment.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED

ROTHSCHILD, J., dissents in part.

. Nicole objected to the children riding to Metairie each morning in Reynold's company van, which did not have seats equipped with seatbelts for each child. Only the front seat had a seatbelt; apparently, the second child sat in a seat in the back of the van that did not have safety restraints.