NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1115

STATE OF LOUISIANA

VERSUS

DALE WADRIC WINTERS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 27935-11
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Candyce G. Perret, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Elizabeth B. Hollins**
**Assistant District Attorney**
**Fourteenth Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT-APPELLANT:**
  **Dale Wadric Winters**

**PERRET, Judge.**

On July 7, 2011, Dale Wadric Winters ("Defendant"), was charged with second degree murder, a violation of La.R.S. 14:30.1.  On April 13, 2015, the indictment was amended to charge the Defendant with manslaughter, a violation of La.R.S. 14:31.  At that time, the Defendant entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), and was sentenced to forty years at hard labor.

On May 4, 2015, this court received a Motion and Order for Appeal from the Defendant.  The motion was returned to the Defendant on May 11, 2015, unfiled, and the Defendant was informed the motion must be filed in the trial court.  That motion was filed with the trial court on May 21, 2015.  The Defendant subsequently filed an application for post-conviction relief seeking an out-of-time appeal on March 18, 2016, and the trial court granted that request on November 17, 2016.

The Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to withdraw.  The Defendant was advised, via certified mail, that counsel filed an *Anders* brief and of his right to file a pro se brief in his appeal.  The Defendant has filed a pro se brief alleging the trial court erred in failing to order a presentence investigation report (PSI) and his sentence is excessive.  The Defendant also filed a supplemental pro se brief alleging the time limitation for commencement of trial expired and, had he been given the opportunity to accept the State's plea offers, his sentence would have been different.  For the following reasons, this court affirms the Defendant's conviction and sentence and grants appellate counsel's motion to withdraw.

## FACTS:

The Defendant was married to the victim Michelle Mitchell. On June 7, 2011, Mitchell and her four children were staying at the home of a friend, Doris Bell, as Mitchell had left the Defendant because she feared he would physically abuse her. The Defendant went to the Bell residence and demanded to speak to Mitchell. Mitchell spoke to the Defendant at the front door, where she informed him that she would not return to live with him. The Defendant then shot Mitchell in the heart at point-blank range with a .40 caliber handgun. Afterward, the Defendant fled, and Mitchell ran to a chiropractic office across the street. Once inside the office, Mitchell reported she had been shot and collapsed. She was subsequently transported to Lake Charles Memorial Hospital where she died. The Defendant was later apprehended in Columbia, Louisiana.

Mitchell's children and three adults who were also in the Bell home heard the gunshots. The children; the Bells; a woman, who happened to be a sheriff's deputy, traveling down Prien Lake Road; and patients in the parking lot of the chiropractic office witnessed the Defendant leave the scene.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## *ANDERS* ANALYSIS:

Pursuant to *Anders*, the Defendant's appellate counsel filed a brief stating he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*], 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Hence, counsel's *Anders* brief must provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, counsel addresses the procedural history and the facts of the case. He notes the Defendant was represented by counsel throughout the proceedings and was properly *Boykinized* prior to entering an *Alford* plea. Counsel also notes the Defendant faced a life sentence for second degree murder prior to the amendment of the indictment.

Counsel asserts the State, defense counsel, and the judge agreed there was a joint sentencing recommendation for the maximum sentence of forty years, but that agreement was not set forth on the waiver of rights forms filed in this matter.

Counsel cites La.Code Crim.P. art. 881.2(A)(2), which provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171, the supreme court held that Article 881.2(A)(2) applied to plea agreements involving both specific sentences and sentencing caps. In *State v. Moore*, 32,707, p. 5 (La.App. 2 Cir. 10/27/99), 743 So.2d 877, 881, *writ denied*, 01-650 (La. 11/2/01), 800 So.2d 872, the second circuit held the provisions of Article 881.2(A)(2) applied "both to agreed sentences and to agreed ceilings, ranges or caps." Counsel further cites *Moore* for the proposition that if a defendant bargains for a specific sentence and that sentence is imposed, review of that sentence is precluded. Counsel alleges the Defendant "received the sentence as agreed upon." Counsel notes there was no objection to the imposition of the maximum sentence, and no motion to reconsider sentence was filed.

Counsel's assertion that the sentencing recommendation was not included on the plea forms is correct. At the plea proceeding, the State said "there [was] a joint sentencing recommendation," defense counsel agreed with that assertion, and the trial court acknowledged that agreement. The trial court then reviewed the plea agreement with defendant, which stated:

> I understand that the State and my attorney may make a sentencing recommendation to the Court and what that recommendation contains. I further understand that the Court can sentence me to any sentence allowed by law. I know what the recommendation is going to be, **that is the maximum sentence**. I'm not bound by the recommendation. I can sentence you to anything that the law allows.

(emphasis added).

Counsel's contention that the Defendant cannot seek review of his sentence is supported by *State v. Johnson*, 14-391 (La.App. 3 Cir. 10/1/14), 2014 WL

4

4926238 (unpublished opinion). In *Johnson*, the plea agreement did not indicate the defendant and the state agreed on the sentence to be imposed. However, at the plea hearing, the parties indicated their agreement as to the recommended sentence. The trial court then sentenced the defendant in accordance with the recommendation. This court cited Article 881.2(A)(2), and stated:

> This court has held, "[i]n an instance where the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing." *Id.* at 39 (quoting *State v. Goodman*, 96-376 (La.App. 3 Cir. 11/6/96), 684 So.2d 58, 61).

> Here, Defendant and the State jointly recommended the sentence that the trial court imposed. Defendant may not seek review of the sentence he recommended to the court and subsequently received.

*Id.* at p. 2 (footnote omitted).

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including the transcripts, pleadings, minute entries, and the charging instrument. The Defendant was properly charged in an indictment. He was present and represented by counsel at all crucial stages of the proceedings. Additionally, the Defendant pled guilty in this case, and that plea was freely and voluntarily entered after he was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The entry of that plea waived all pre-plea non-jurisdictional defects. *See State v. Washington*, 10-413 (La.App. 3 Cir. 11/3/10), 50 So.3d 274. Furthermore, the sentence imposed for manslaughter was legal, and an argument for excessive sentence on this conviction would be frivolous.

We have found no issues which would support an assignment of error on appeal. Accordingly, appellate counsel's motion to withdraw is granted.

## PRO SE ASSIGNMENTS OF ERROR:

In his pro se brief, the Defendant argues he did not waive a PSI, and if one would have been prepared, it is likely he would have received a lesser sentence. He additionally asserts his sentence is excessive, noting he had no prior felony record, had a job, was a productive citizen, and could not be considered the worst type of offender.

Ordering a PSI is discretionary under La.Code Crim.P. art. 875(A)(1), which states: "If a defendant is convicted of a felony offense . . . the court may order the Department of Public Safety and Corrections . . . to make a presentence investigation." *See also State v. Bell*, 09-201 (La.App. 4 Cir. 7/22/09), 16 So.3d 1191. Moreover, as noted above, the Defendant may not seek review of the sentence he recommended to the court and subsequently received. *Johnson*, 14-391.

## SUPPLEMENTAL PRO SE ASSIGNMENTS OF ERROR:

In his supplemental pro se brief, the Defendant contends the time limitation for commencement of trial expired and, had he been given the opportunity to accept the State's plea offers, his sentence would have been different.

The Defendant filed a pro se Motion to Quash on January 8, 2014. Therein, the Defendant asserted his right to speedy trial had been violated and cited La.Code Crim.P. art. 532(7), which addresses the filing of a motion to quash for expiration of the time limitation to commence trial; La.Code Crim.P. art. 535(B), which provides a motion to quash on the ground that the time limitation for commencement of trial has expired may be filed at any time before commencement of trial; and La.Code Crim.P. art. 578(A)(2), which states that trial

in noncapital felony cases shall commence within two years of the institution of prosecution. The Defendant went on to incorrectly state he was indicted for first degree murder, which gave the State three years to bring him to trial, barring interruption or suspension of prescription. The Defendant further alleged that trial had not been timely commenced, violating his right to speedy trial. Another motion to quash, which set forth the same claims as the prior motion, was filed on April 9, 2014. The trial court issued an order on April 10, 2014, denying a motion to quash, finding the State had three years to commence trial.

In his brief, the Defendant states the time limitation for prosecution had expired. He then notes that the trial court incorrectly stated the three-year time limitation to commence a capital trial was applicable to his case.

We find the Defendant's *Alford* plea waived review of any claim regarding the trial court's denial of his motion to quash, as failure to timely commence trial is a pre-plea non-jurisdictional defect. *See State v. Billiot*, 17-197 (La.App. 5 Cir. 11/15/17), 232 So.3d 702; *State v. Faggard*, 15-585 (La.App. 5 Cir. 1/13/16), 184 So.3d 837, *writ denied*, 16-338 (La. 2/10/17), 215 So.3d 701.

Furthermore, the Defendant may not seek review of his sentence.

For the foregoing reasons, the Defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw as counsel of record for the Defendant is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

7