# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-393

**STATE OF LOUISIANA**

**VERSUS**

**HERBERT WILLIAM PARKER**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 29316-12
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Herbert William Parker**

**AMY, Judge.**

The defendant pled guilty to second degree kidnapping, a violation of La.R.S. 14:44.1. The trial court imposed a sentence of thirty years imprisonment at hard labor, with ten years suspended. Further, the trial court ordered that, upon the defendant's release, he be subject to five years of supervised probation, and ordered various fees and conditions of probation. The defendant appeals. Finding an error patent, we vacate the defendant's sentence and remand for resentencing.

## Factual and Procedural Background

According to the State, the defendant, Herbert William Parker,[1] and an accomplice, Nicholas Broussard, "banged" on the door of an apartment and identified themselves as police officers. When the occupant of the apartment, Tanner Tittsworth, answered the door, the defendant and Mr. Broussard forced their way inside, where they beat Mr. Tittsworth and demanded money. Because Mr. Tittsworth did not have any money, he gave the two men his debit card and PIN number. After arming themselves with a box cutter, the defendant and Mr. Broussard forced Mr. Tittsworth into his car and drove him to a truck stop, where Mr. Broussard attempted to obtain money from an ATM with Mr. Tittsworth's debit card. Mr. Tittsworth was able to escape from the vehicle and confront Mr. Broussard. Both the defendant and Mr. Broussard ran from the scene and were later arrested.

The defendant and Mr. Broussard were initially charged with home invasion, a violation of La.R.S. 14:62.8; aggravated kidnapping, a violation of La.R.S. 14:44; and armed robbery, a violation of La.R.S. 14:64. Thereafter, pursuant to a plea agreement, the defendant pled guilty to a reduced charge of second degree

---

[1] The defendant is also referred to in the record as "William Herbert Parker."

kidnapping, a violation of La.R.S. 14:44.1, and the State nolle prossed the remaining charges. The record reveals that, as part of the plea agreement, there was a joint recommendation that the defendant be sentenced to fifteen years imprisonment at hard labor, with ten years suspended, and five years of supervised probation upon the defendant's release. However, the trial court imposed a sentence of thirty years imprisonment at hard labor, with ten years suspended, and five years of supervised probation upon the defendant's release. The trial court also imposed various fees and conditions of probation.

The defendant appeals, asserting that his sentence is unconstitutionally excessive.

## Discussion

### *Error Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all criminal appeals for errors patent on the face of the record. After performing such a review, we note an error which requires vacating the defendant's sentence and remanding for resentencing.

The sentencing provisions of La.R.S. 14:44.1 state that "[w]hoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence." The transcript from the defendant's guilty plea and sentencing hearing reveals that the trial court sentenced the defendant to "30 years with the Department of Corrections[,]" with ten years suspended and five years of supervised probation upon release. The trial court also ordered several conditions of probation, fees, and left the matter of restitution open for a later hearing.

However, our review of the record indicates that the trial court did not specify the portion of the defendant's sentence to be served without the benefit of parole, probation, or suspension of sentence. Where the trial court is silent as to the portion of a sentence to be imposed without benefits, the provisions of La.R.S. 15:301.1 typically obviate the need to correct the sentence. However, "where the statute gives the trial court discretion as to the number of years imposed to be served without benefits, the reviewing court should vacate the illegally lenient sentence and remand for resentencing." *State v. Ourso*, 10-1133, p. 3 (La.App. 3 Cir. 6/1/11), 67 So.3d 684, 685-86.

Accordingly, we vacate the defendant's sentence for second degree kidnapping and remand for resentencing.

*Excessive Sentence*

The defendant contends that his sentence is unconstitutionally excessive. However, as we have vacated the defendant's sentence and remanded for resentencing, we need not reach the issue of excessiveness.

## DECREE

For the foregoing reasons, the sentence of the defendant, Herbert William Parker, for second degree kidnapping is vacated and remanded for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**