NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-649

STATE OF LOUISIANA

VERSUS

O'SHAY DEVAN HICKS

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C 23019 B
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.

SENTENCES VACATED AND MATTER REMANDED.

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **O'Shay Devan Hicks**

**Billy J. Harrington**
**Tenth Judicial District Attorney**
**Charles W. Seaman**
**Assistant District Attorney**
**P.O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GREMILLION, Judge.**

Defendant/appellant O'Shay Devan Hicks appeals his sentences following entering guilty pleas to one count of forcible rape and two counts of second degree kidnapping. For the reasons that follow, we vacate his sentences and remand the matter to the district court for resentencing.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged by bill of information with forcible rape, a violation of La.R.S. 14:42.1; two counts of second degree kidnapping, violations of La.R.S. 14:44.1; two counts of armed robbery, violations of La.R.S. 14:64; and one count of illegal carrying of a weapon, a violation of La.R.S. 14:95. These charges stem from an incident that occurred on July 8, 2015, when Defendant was a passenger along with one juvenile female in a car driven by a second juvenile female. After a stop at a convenience store, Defendant directed the driver to take him to a secluded area. There, Defendant produced a knife and directed the driver to convey him to several locations. Ultimately, Defendant directed the driver to an area near an abandoned shack. Defendant ordered the female passenger to accompany him to the shack, where he raped her.

Defendant entered a plea of not guilty to all charges on September 3, 2015. On October 9, 2017, Defendant accepted a plea agreement whereby he would enter guilty pleas to two counts of second degree kidnapping and the forcible rape charge. In exchange, the State agreed to not pursue Defendant's adjudication as a repeat offender. The trial court accepted Defendant's plea and ordered a pre-sentence investigation report.

On December 14, 2017, the trial court sentenced Defendant:

> On the charge of forcible rape you are hereby sentenced to serve thirty years at hard labor with the Louisiana Department of Corrections. At least two years are to be served without benefit of probation, parole,

or suspension of sentence. On the charge of the two counts of second-degree kidnapping you are hereby sentenced to serve fifteen years at hard labor with the Louisiana Department of Corrections on each channel [sic]. These two sentences are to run consecutively and consecutively to the thirty year sentence. All of these sentences are to run concurrently with your revocation time that you are presently serving.

Defendant's counsel orally moved for reconsideration of the sentence, which the trial court denied. Defendant later filed a written motion to reconsider the sentence, which was also denied. This appeal followed.

## ASSIGNMENTS OF ERROR

Defendant urges three assignments of error:

1) A sentence of thirty years for forcible rape is constitutionally excessive;

2) Consecutive sentences for the crimes was an error because all the crimes arose from a common scheme or plan; and,

3) The sentences fail to specify the number of years they are to be served without benefit of probation, parole, or suspension of sentence.

## ANALYSIS

We begin our analysis with Defendant's third assignment of error. Under La.R.S. 14:42.1(B), "Whoever commits the crime of second degree rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."[1] The trial court, as quoted above, sentenced Defendant to thirty years, with "at least two years" to be served without benefit of probation, parole, or suspension of sentence.

Louisiana Code of Criminal Procedure Article 879 provides, "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall

_____

[1] Pursuant to La.R.S. 14:42.1(C), "any reference to the crime of forcible rape is the same as a reference to the crime of second degree rape." The offense was renamed "second degree rape" by 2015 La. Acts No. 256 §1, which applies to all offenses committed on or after August 1, 2015.

2

impose a determinate sentence." This court has previously held that sentencing a defendant to a term of imprisonment without benefit of probation, parole, or suspension of sentence for "at least" a given term renders the sentence indeterminate, requiring that the sentence be vacated and the matter remanded. *State v. Cedars,* 02-861 (La.App. 3 Cir. 12/11/02), 832 So.2d 1191.

Additionally, La.R.S. 14:44.1(C) provides that "[w]hoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence." At sentencing, the trial court was silent as to which portion of Defendant's second degree kidnapping sentences were to be served without benefit of probation, parole, or suspension of sentence, as required by the statute. In *State v. Parker*, 14-393, p. 3 (La.App. 3 Cir. 10/1/14), 149 So.3d 892, 893-94, this court reviewed a sentence which failed to indicate the time to be served without benefits for second degree kidnapping and stated:

> [O]ur review of the record indicates that the trial court did not specify the portion of the defendant's sentence to be served without the benefit of parole, probation, or suspension of sentence. Where the trial court is silent as to the portion of a sentence to be imposed without benefits, the provisions of La.R.S. 15:301.1 typically obviate the need to correct the sentence. However, "where the statute gives the trial court discretion as to the number of years imposed to be served without benefits, the reviewing court should vacate the illegally lenient sentence and remand for resentencing." *State v. Ourso,* 10–1133, p. 3 (La.App. 3 Cir. 6/1/11), 67 So.3d 684, 685–86.

Because the trial court failed to impose a restriction of benefits on Defendant's sentences for second degree kidnapping, those sentences must be vacated, and the matter must be remanded for resentencing for each count of second degree kidnapping.

3

Because the indeterminate sentences require that they be vacated and the matter remanded, Defendant's first two assignments of error are rendered moot.

## DECREE

The sentences imposed on Defendant O'Shay Devan Hicks for forcible rape and second degree kidnapping are vacated. The matter is remanded to the trial court for resentencing.

**SENTENCES VACATED AND MATTER REMANDED.**