STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-721

STATE OF LOUISIANA

VERSUS

GEORGE MCKINNEY, JR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12652-20
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Billy H. Ezell, and John E. Conery, Judges.

CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.

**Walter M. Sanchez**
**Sanchez Burke, L.L.C.**
**1200 Ryan Street**
**Lake Charles, Louisiana  70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**George Mckinney, Jr.**

**Stephen C. Dwight**
**District Attorney**
**14th Judicial District**
**David S. Pipes**
**Assistant District Attorney**
**14th Judicial District**
**Post Office Box 3206**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**CONERY, Judge.**

## FACTS AND PROCEDURAL HISTORY

On October 29, 2020, Defendant, George McKinney, Jr., was arrested by the Calcasieu Parish Sheriff's Office and charged with one count of Driving While Intoxicated, 1st offense in violation of La.R.S. 14:98, one count of Careless Operation of a Motor Vehicle in violation of La.R.S. 32:58, and one count of Vehicular Homicide in violation of La.R.S. 14.32.1.

On November 17, 2020, Mr. McKinney was billed with one count of Vehicular Homicide, with a blood alcohol reading of 0.8 or higher, in violation of La.R.S.14:32.1. On February 25, 2021, four (4) months from the date of the incident, Defendant withdrew his previous plea of not guilty and entered a plea of guilty to the charge.

The State submitted the following factual basis at the guilty plea proceeding:

> If brought to trial the State would prove beyond a reasonable doubt that on or about October 29, 2020[,] deputies with the Calcasieu Parish Sheriff's Office were dispatched to a single vehicle crash involving a pedestrian. Upon arrival they did locate the driver of the vehicle, that being the defendant, Mr. George McKinney, Jr. Upon interviewing Mr. McKinney[,] they did see physical signs of impairment, including an overwhelming odor of alcoholic beverage, slurring of words, and stopping speaking mid-sentence, as well as red, bloodshot eyes. They did ask Mr. McKinney to do standardized field sobriety, which he did and performed poorly. Upon that poor performance they did arrest him and transport him to Calcasieu Parish Sheriff's Office in order to provide a proper breath sample. That breath sample was given and was given as a .173 BAC.
>
> The victim in this case, Mr. Jason Webb, was transported to the hospital and subsequently pronounced deceased.

Mr. McKinney's counsel requested a Pre-Sentence Investigation Report (PSI), which was ordered by the trial court. However, the PSI was never received

and counsel for Mr. McKinney waived any objection and elected to proceed with Defendant's sentencing.

On May 21, 2021, after receiving testimony, and victim impact evidence as well as Defendant's statement, the trial court sentenced Defendant to thirty years at hard labor, but suspended seven years, and placed Defendant on supervised probation for five years under the supervision of the Department of Corrections. The trial court imposed the general terms and conditions of probation set forth in La.Code Crim.P. arts. 895 and 895.1 and several special conditions, including payment of a $7,500.00 fine, restitution, and one thousand (1,000) hours of community service directly related to the prevention of impaired driving.

Defendant filed a motion to reconsider sentence, which was denied, in part, by the trial court at a hearing held August 13, 2021. The trial court clarified that fifty percent of the community service activities imposed as a condition of Defendant's probation could be converted into other court-approved community service. The trial court emphasized that the main focus of the community service would remain prevention, to include presentations to high school and college students about the dangers of impaired and or distracted driving. All other motions were denied.

Defendant timely filed a motion for appeal, which was granted by the trial court on August 23, 2021. Defendant's brief in this court alleged two assignments of error:

## ASSIGNMENTS OF ERROR

1.  The trial court abused its discretion by failing to adequately consider the defendant's background and any mitigating factors, almost exclusively considering the personal characteristics of the victim and the impact on the victim's survivors as its basis for the sentence, and by failing to state for the record an

2

adequate factual basis for the sentence imposed, in violation of La. Code Crim.P. art. 894.1

2. The trial court abused its discretion in imposing a sentence upon the defendant that was cruel, unusual, and excessive, in violation of La. Const. art. I, § 20.

In reviewing the record, the transcript of the sentencing hearing, and the transcript of the hearing held on Defendant's motion to reconsider sentence, there are errors patent that will require the sentence imposed by the trial court to be vacated. We will pretermit a full discussion of the two assignments of error raised by Defendant on appeal. However, considering the sentence initially imposed on the Defendant, a twenty-two year old first offender, this court will briefly reiterate the trial court's responsibility to fully consider not only aggravating factors but all mitigating factors in its reasons for sentencing pursuant to La. Code Crim.P. art. 894.1.

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find there are errors patent which make the sentence imposed indeterminate and require that Defendant's sentence be vacated. We remand for resentencing.

*First Error Patent- Failure To Specify The Amount of Restitution To Be Paid*

First, the trial court imposed restitution as a condition of Defendant's probation without specifying the amount of restitution to be paid, stating:

> You're to pay restitution to this family for funeral expenses of the victim and if they have any counseling expenses the children incur. Not only funeral expenses, but if there are any medical bills that were - - that the family had to bear, you know, that were not covered by insurance as a result of this accident.

3

Louisiana Code of Criminal Procedure Article 895.1 provides for the imposition of restitution as a condition of probation and states, in pertinent part:

> A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

La.Code Crim.P. art. 895.1.

In a recent case, this court addressed the trial court's failure to set a fixed amount of restitution and found the error required the sentence to be vacated and the case remanded for resentencing. *State v. Loyd*, 18-968 (La.App. 3 Cir. 6/5/19), 274 So.3d 112.

In another recent case, a panel of this court in *State v. Vidrine,* 19-210 (La.App. 3 Cir. 10/2/19), 280 So.3d 664, 671-72 also vacated defendant's sentence and remanded the case  This court instructed that if restitution was imposed, the trial court must specify the amount. *Id.*

As in *Loyd* and *Vidrine*, the trial court in the present case failed to specify the amount of restitution imposed as a condition of probation.  Accordingly, we find the sentence must be vacated and the case remanded for resentencing.  The trial court is instructed that if restitution is imposed as a condition of probation, it should specify the amount of restitution and follow the procedure set forth in La.Code Crim.P. art. 895.1.

4

The sentence imposed by the trial court is also indeterminate based on the trial court's failure to specify the amount of time to be served without benefit of probation, parole, or suspension of sentence. The pertinent penalty provision for La.R.S. 14:32.1 provides:

> B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than five years nor more than thirty years. At least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the offender was previously convicted of a violation of R.S. 14:98, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety.

Defendant pled guilty to the first penalty range set forth above – a fine of not less than $2,000.00 nor more than $15,000.00; imprisonment with or without hard labor for five to thirty years, with at least three years of the sentence served without benefit of probation, parole, or suspension of sentence. The trial court stated the following in imposing Defendant's sentence:

> All right, as was stated, the penalty is five - - well, it's five to thirty - - well, with three has to be without benefit of probation, parole, or suspension of sentence, and then - - all right, Mr. - - and look, and I'm going to say this. Well, I'm trying to - - well, I may address this issue in a minute, but I'm just going to go ahead and impose the sentence.
>
> I am going to do a split sentence. I'm going to impose a sentence of thirty years in the Department of Corrections. I'm going

to suspend seven of those years. I'm going to place you on - - once you serve whatever time - - however much time you're going to serve out of the remaining twenty-three years, you're going to be on five years of supervised probation . . . .

Even though the trial court mentioned the three-year period to be served without benefits when it recited the penalty provision, it did not mention the three-year period without benefits when it actually imposed sentence. At the motion to reconsider hearing, the trial court mentioned that <u>at least three</u> years of the sentence must be served without benefits, but never specified a determinate amount of time to be served without benefits.

In the case of *State v. Parker*, 14-393, pp. 2-3 (La.App. 3 Cir. 10/1/14), 149 So.3d 892, 893-94, a panel of this court held that the trial court must specify the number of years to be served without benefits. On remand for resentencing, the trial court must specify the amount of time to be served without benefit of probation, parole, or suspension of sentence.

*Error Patent – Failure To Establish A Payment Plan For Conditions of Probation*

Third, the trial court imposed a fine, court costs, and restitution as conditions of probation without establishing a payment plan. In *State v. Arisme*, 13-269, p. 3 (La.App. 3 Cir. 10/9/13), 123 So.3d 1259, 1262 (quoting *State v. Wagner*, 07-127, p. 7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208), this court stated:

> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).
>
> We view this procedure as no different from payment plans for restitution. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-

6

> 3413 (La. 5/26/00), 762 So.2d 1101 (restitution only) [(other cites omitted)].
>
> We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See* [*State v.*] *Stevens*, [06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597].

*See also State v. Trosclair*, 19-833 (La.App. 3 Cir. 6/24/20), 299 So.3d 704, *writ denied*, 20-949 (La. 1/20/21), 308 So.3d 1162.

On remand for resentencing, we instruct the trial court to establish a payment plan for any fine, costs, or restitution imposed as a condition of probation. As stated above, the payment plan may be determined by either the trial court or by the Office of Probation and Parole with approval of the trial court by appropriate order.

*Error Patent – Supervised Probation Exceeded The Term Allowed By Statute*

We also find that by placing Defendant on supervised probation for five years, the trial court exceeded the time allowed by La.Code Crim.P. art. 893(A)(1)(a). In 2017, the legislature amended La.Code Crim.P. art. 893 to change the probationary period for most offenses from a maximum of five years to a maximum of three years. 2017 La. Acts No. 280, § 1.[1] Since the offense in the present case does not fall within any of the exceptions outlined in the statute, we find that the probationary period in this case must not exceed three years. Accordingly, we instruct the trial court on remand that if any portion of Defendant's sentence is suspended, the probationary period imposed must be

---

[1]The offense in this case was committed on October 29, 2020. Therefore, the 2017 amendments apply.

specifically stated, but shall not exceed three years in accordance with La.Code Crim.P. art. 893.

*Error Patent – Failure to Order Participation In A Substance Abuse Program*

Lastly, the trial court failed to order Defendant to participate in a court-approved substance abuse program as required by La.R.S. 14:32.1(B).

*Discussion of Defendant's Assignments of Error*

As previously stated, the number of errors patent require remand of this case for resentencing. Accordingly, this court did not address Defendant's assignment of error wherein he claims the trial court failed to adequately consider Defendant's background and other mitigating factors pursuant to La.Code Crim.P. art. 894.1, nor Defendant's claim of constitutional excessiveness based on the particular facts of this case.

A panel of this circuit in the case of *State v. Charles*, 18-222 (La. App. 3 Cir. 5/1/19), 270 So.3d. 859, recently reiterated the requirements of La.Code Crim.P. art. 894.1 in explaining that the brevity of the trial court's reasons for imposing sentence in the matter before it provided "no insight or ability" for review of the trial court's sentence.

The panel further explained:

[Louisiana Code of Criminal Procedure Article] 894.1 enumerates aggravating and mitigating factors to be considered by the trial court in imposing sentence, and **requires that the trial judge "state for the record the considerations taken into account and the factual basis therefor in imposing sentence."** The purpose of the statute is to afford a reviewing court some insight into the reasoning process of the sentencing judge, so that the propriety of the sentence can better be evaluated. The trial judge need not state for the record his consideration of each of the aggravating or mitigating circumstances enumerated in the article. **However, the record must reflect that the judge did consider these guidelines in particularizing the sentence to the defendant.** The record should reflect that the trial court considered not only the seriousness of the crime and the

8

> defendant's criminal history, but also **the defendant's personal history (age, mental status, dependents, family ties, employment record, emotional and physical health), and his potential for rehabilitation. The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it.**

*Id.* at 868-69 (emphasis added) (internal citations omitted) (quoting *State v. See*, 462 So.2d 1369, 1372 (La.App. 3 Cir. 1985), *writ denied in part, granted in part*, 467 So.2d 525 (La.1985)).

In addition, with regard to Defendant's claim of excessiveness, the trial court appears to have imposed the near maximum sentence of thirty years with seven years suspended on a first time offender, in order to "set an example and to deter others from driving while impaired."

In *State v. Burnaman*, 03-1647, p. 5 (La.App 3 Cir. 5/12/04), 872 So.2d 637, 641 a panel of this court held that "[i]n sentencing the Defendant to the maximum sentence in an attempt to deter others from engaging in the same type of conduct, the trial court abused its discretion."

As in *Burnaman*, the trial court in this case stated that he sentenced Defendant to set an example and deter others from driving while impaired: "I have used this case an example, you know, to say, hey, you know, these are the kinds of things that happen. I've used this case and other cases that have happened as examples." On remand, the trial court must particularize the sentence to the defendant after considering all aggravating and mitigating factors.

*Constitutionally Excessive Sentence*

In Defendant's Assignment of Error Number 2, defense counsel argues that the sentence imposed was constitutionally excessive for this young, first time offender under the facts and circumstances of this case. Louisiana Constitution

Article 1, § 20 ensures that "No law shall subject any person to … cruel, excessive, or unusual punishment." In order to impose a constitutionally permissive sentence, on remand for resentencing, the trial judge must consider not only the nature of the crime, the facts and circumstances of the case before it, the nature and background of the offender, but also should include a review of sentences imposed for similar crimes and impose a sentence that is not constitutionally excessive. *See State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626. *See also State v. Meaux,* 21-522 (La.App. 3 Cir. 2/23/22), _ So.3d _ (2022 WL 534387).

## CONCLUSION

Defendant's conviction is affirmed. Defendant's sentence is vacated as indeterminate and the matter remanded for resentencing. The trial court is instructed that if restitution is again imposed as a condition of probation, the amount must be specified, pursuant to the procedures set forth in La.Code Crim.P. art. 895.1. The trial court is instructed to establish a payment plan for any fines, costs, restitution, or fees imposed as a condition of probation. The payment plan may either be determined by the trial court or by the Office of Probation and Parole with approval by the trial court.

Additionally, the trial court is instructed to specify the amount of time that is to be served without benefit of probation, parole, or suspension of sentence in accordance with La.R.S. 14:32.1(B). If any portion of Defendant's sentence is suspended, the probation period imposed should not exceed three years in accordance with La.Code Crim.P. art. 893. Considering the particular facts of this

case, the trial court must also order the Defendant to participate in a court-approved substance abuse program pursuant to La.R.S. 14:32.1(B).

Finally, the trial court is instructed to specifically particularize the sentence imposed and must consider and articulate for the record not only the aggravating factors, but also all mitigating factors it may find applicable pursuant to La.Code Crim.P. art. 894.1.

**CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**